## UNITED STATES *v.* TRUMBULL.

*(District Court, D. Washington, N. D. June 15, 1891.)*

CHINESE—UNLAWFUL LANDING—AIDING AND ABETTING—INDICTMENT.

An indictment under Act Cong. May 6, 1882, (22 St. p. 61,) making it unlawful for any person "to aid or abet the landing in the United States from any vessel of any Chinese person not lawfully entitled to enter the United States," must state facts sufficient to show that the Chinese person was one prohibited from landing, and that he was brought on the same vessel from which he landed on a voyage which terminated at the time of the landing. It is demurrable if it merely shows that he was a Chinese laborer, and alleges that he was not lawfully entitled to enter the United States, and that he landed from a certain vessel.

At Law.

Defendant was indicted for knowingly aiding and abetting the landing in the United States of Chinese persons, not lawfully entitled to enter the United States. Some of the counts charged that defendant did "knowingly aid and abet the landing in the United States from the steamvessel City of Kingston of a certain Chinese person not lawfully entitled to enter the United States, to-wit, one * * *." Others charged that

he knowingly aided and abetted the landing of a certain named Chinese person by falsely representing such person to be a merchant residing in the United States, knowing him to be a laborer. None of the counts set forth facts to show that the Chinese person alleged to have been aided in landing was not entitled to land, except by charging that he was "not lawfully entitled to enter the United States." Defendant demurred to the different counts of the indictment, on the ground that none of them stated facts sufficient to constitute offenses or an offense against the laws of the United States.

*P. C. Sullivan*, for the United States.

*A. R. Coleman*, for defendant.

HANFORD, J. This indictment is founded upon the acts of congress by which the coming into the country of Chinese laborers was intended to be restricted and prohibited, and particularly the eleventh section of the act of May 6, 1882, (22 St. U. S. p. 61,) which reads as follows:

"Sec. 11. That any person who shall knowingly bring into, or cause to be brought into, the United States by land, or who shall knowingly aid or abet the same, or aid or abet the landing in the United States from any vessel of, any Chinese person not lawfully entitled to enter the United States, shall be guilty of a misdemeanor, and shall, on conviction thereof, be fined in a sum not exceeding one thousand dollars, and imprisoned for a term not exceeding one year."

Manifestly the intention of the grand jury was to charge the defendant by this indictment with the commission of criminal offenses committed by aiding and abetting the landing in the United States of Chinese persons who had been unlawfully brought into the country by vessels, but the pleading is fatally defective, because it does not allege that the Chinese persons named were brought into the United States in the vessels named, or that they ever were unlawfully brought into the United States. It only goes to the extent of describing the Chinese as persons not lawfully entitled to enter the United States,—that is, if they were now out of the United States they would not be lawfully entitled to enter; and it may be assumed that, if they were not in the country prior to the enactment of the exclusion acts, they must have entered unlawfully. But the allegations of this indictment do not allege facts sufficient to show the court, after indulging in all permissible presumptions, that their entry was unlawful. All that is alleged is not inconsistent with a state of facts which would render the landing of the persons named, at the time and place mentioned, from the vessel named, lawful and proper; for example, if they were Chinese laborers, who were in the country prior to May 6, 1882, and who had remained within it continuously from that time, and who landed from the vessel mentioned at the time stated, after making a passage in her from some other point within the United States to the place of landing, without having during the journey been outside of the United States. In such a case, there could be no violation of law by aiding and abetting such landing. The law must be so interpreted, by reference to all its parts, as to give effect to the manifest intention of

congress in enacting it. I think the intention is quite clear to make the aiding and abetting of the landing of Chinese persons criminal only in those cases in which the bringing of such persons in the same vessel and on the voyage terminating at the time of the landing; and it is therefore necessary in a good indictment to allege facts sufficient to make it appear that the landing was itself unlawful by reason of being an unlawful entry into the country of persons prohibited from coming.

In prosecutions for offenses against the laws of the United States, an indictment in which the charging part follows the language of the statute upon which it is founded is not sufficient, unless such words indicate the acts constituting the offense. Every defendant in a criminal case has a constitutional right to be informed by the indictment of the nature and cause of the accusation against him, and the cause must be stated with such particularity as to indicate clearly the facts to be proven on the trial. Article 6, Amend. Const. U. S.; *U. S.* v. *Cruikshank,* 92 U. S. 542. This indictment does not state the facts with enough of the details to show how the defendant aided or abetted the landing of any Chinese person, and therefore does not either show how he has violated the law, or that there has been any violation.

The demurrer interposed will therefore be sustained; but I will hold the defendant until the matter can be passed upon by another grand jury, and will order the case to be submitted to the next grand jury to be convened at this place.